**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DUTCHMEN MX PARK, LLC,** | : | **No. 3:11cv871** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **SCHUYLKILL COUNTY,** | : | |
| **PENNSYLVANIA and** | : | |
| **WASHINGTON TOWNSHIP,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court for disposition are motions to dismiss filed by both defendants, Schuylkill County, Pennsylvania and Washington Township. The motions are fully briefed and ripe for disposition.

**Background**

Plaintiff Dutchmen MX Park, LLC (hereinafter "Dutchmen") is a Pennsylvania Limited Liability Company with its principal place of business in Pine Grove, Pennsylvania. (Doc. 1, Compl. ¶ 9). Plaintiff seeks to develop an adult entertainment establishment to feature live nude or partially nude female dancers. (Id. ¶ 12). The location for the proposed establishment is in Pine Grove, Washington Township, Schuylkill County, Pennsylvania. (Id. ¶ 13). Washington Township ("the Township") does not have a zoning ordinance, therefore, the Schuylkill County's ("the County") Zoning Ordinance applies to property within the township. (Id. ¶ 17). If the Township enacted its own zoning ordinance, then the County's zoning ordinance would not apply within the township. (Id. ¶ 18).

The plaintiff does not seek to present nudity for its own sake. (Id. ¶ 23). It seeks to have nude dancers "communicate a specific message of eroticism which includes both an intellectual component and an emotive component emphasizing sensuality, passion and excitement. . . . Plaintiff

believes that providing this form of expressive communication to the public is a beneficial social activity which enhances individuals' conscious ability to assimilate and consider various issues involving sexual candor and interest in human sexuality that all human beings have to a greater or lesser degree." (Id. ¶¶ 20-21).  Plaintiff further seeks to serve alcoholic beverages to the patrons who take part in this expressive communication. (Id. ¶ 12).

The Schuylkill County Zoning Ordinance places restrictions on the location of "adult uses."  (Id. ¶ 25).  The Zoning Ordinance also requires a special exception for adult uses.  (Id. ¶ 26).

Based upon these facts the plaintiff filed the instant complaint pursuant to 42 U.S.C. § 1983 alleging constitutional violations.  Plaintiff asks for declaratory and injunctive relief.  The complaint is comprised of the following seven counts:[1] Count I, a First Amendment claim alleging that the Zoning Ordinance furthers no substantial government interest; Count II, a First Amendment claim alleging that the regulatory provisions within the Zoning Ordinance further no substantial governmental interest; Count III, a state law cause of action asserting that the regulatory provisions of the special exception section of the Zoning Ordinance violate the Pennsylvania Municipalities Planning Code, 53 PENN. STAT. 10101, et seq.; Count IV, a First Amendment claim against the County alleging insufficient avenues of communication in Schuylkill County; Count V, First Amendment claim against the County alleging that the special exception procedures are unconstitutional and render no sites available as a matter of right; Count VI, a First Amendment claim asserting that insufficient sites for adult uses

---

[1]Each count seeks relief from both the County and the Township.

are available in Washington Township; and Count VII, a Fourteenth Amendment claim alleging that ambiguities in the special exception regulations render them unconstitutional.

Both defendants have filed motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, bringing the case to its present posture.

**Jurisdiction**

As this case is brought pursuant to 42 U.S.C. § 1983, we  have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").   We  have supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**Standard of review**

This case is before the court pursuant to defendants' motions to dismiss for failure to state a claim upon which relief can be granted filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.   When a 12(b)(6) motion is filed, the sufficiency of the allegations in the complaint is tested.  Granting the motion is appropriate if, accepting as true all the facts alleged in the complaint, the plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," or put another way, "nudged [his or her] claims across the line from conceivable to plausible."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  The Third Circuit interprets Twombly to require the plaintiff to describe "enough facts to raise a reasonable expectation that discovery will reveal evidence of" each necessary element of the claims alleged in the complaint.  Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly,

550 U.S. at 556).  Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35.

In relation to Federal Rule of Civil Procedure 8(a)(2), the complaint need only provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" Twombly, 550 U.S. at 555 (citation omitted).   "[T]he factual detail in a complaint [cannot be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." Phillips, 515 F.3d at 232 (citation omitted).  "Rule 8(a)(2) requires a 'showing' rather than a blanket assertion of an entitlement to relief." Id.

The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted.  In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff.  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir.1997).  To decide a motion to dismiss, a court generally should consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.  See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

**Discussion**

The defendants have filed separate motions to dismiss that we will

4

address in turn.

## I. The Township's Motion To Dismiss

Defendant Washington Township argues that the factual averments of the complaint all relate to Schuylkill County.  No claims are made that the Township violated plaintiff's rights; therefore, all claims asserted against the Township should be dismissed.  Further, most of the relief sought by the plaintiff is sought from the County.  The plaintiff does, however, ask  the court to order the Township to enact a zoning ordinance. The law does not provide the court the authority to grant such relief. Accordingly, the complaint should be dismissed as to the Township.  After a careful review, we agree.

As noted above, plaintiff's constitutional claims are brought pursuant to 42 U.S.C. § 1983 (hereinafter "section 1983"), which in pertinent part, provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

Thus, to establish a claim under section 1983, two criteria must be met.  First, the conduct complained of must have been committed by a person acting under color of state law.  Second, the conduct must deprive the complainant of rights secured under the Constitution or federal law. Sameric Corp. of Dela., Inc. v. City of Phila., 142 F.3d 582, 590 (3d Cir. 1998).

Here, plaintiff complains of conduct, that is the enactment of an

unconstitutional Zoning Ordinance.  The Township, however, is not alleged to have enacted the Zoning Ordinance.  The County enacted the Ordinance according to the complaint.  The Township has taken no action to restrict adult land uses within its borders.  Therefore, the court finds that the plaintiff does not assert a proper cause of action against the Township.

Under the Pennsylvania Municipalities Planning Code, a county can enact a zoning ordinance.  The ordinance then applies in municipalities within that county that do not have their own zoning ordinance.  53 PENN. STAT. §§ 10502(b)©), 10602.   Here, the Township has no zoning ordinance of its own, and the County's zoning ordinance therefore applies. Plaintiff alleges that the Township can be held liable because "[t]he Township's theoretical passivity based on the absence of an independent zoning scheme is not passive at all.  Rather, the current zoning scheme represents a conscious decision to ratify Schuylkill County's land use controls."

Plaintiff cites to no authority, and our research has uncovered none, to support the proposition that a Township must pass a zoning ordinance to supercede a potentially invalid County ordinance.  Plaintiff furthers cites no authority for the proposition that inaction on the part of the Township in this case amounts to "action" under Section 1983.  Moreover, the plaintiff cites to no authority that would enable this court to compel the Township to exercise its discretion to enact a zoning ordinance.  Accordingly, the motion to dismiss on this point will be granted.

## II.  The County's Motion To Dismiss

Defendant Schuylkill County also moves to dismiss the complaint. The County claims that this court should abstain from hearing this case

6

under the abstention doctrine established in <u>Younger v. Harris</u>, 401 U.S. 37 (1971).  After a careful review, we agree.[2]

"Generally, federal courts must adjudicate all cases and controversies that are properly before them.  <u>New Orleans Pub. Serv., Inc. v. City of New Orleans</u>, 491 U.S. 350, 358 - 59 (1989).  The United States Court of Appeals for the Third Circuit explains <u>Younger</u> abstention as follows:

> Younger abstention is appropriate when (1) there is a pending state proceeding that is judicial in nature, (2) the proceeding implicates important state interests, and (3) there is an adequate opportunity in the state proceeding for the plaintiff to raise its constitutional challenges.  <u>Middlesex County Ethics Comm.</u>, 457 U.S. [423, 432 (1982).], 102 S.Ct. 2515. When all three of these factors are met, abstention is proper unless "(1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstances exist, such as proceedings pursuant to a flagrantly unconstitutional statute, such that deference to the state proceeding will present a significant immediate potential for irreparable harm to the federal interests asserted."

<u>Schall v. Joyce</u>, 885 F.2d 101, 106 (3d Cir. 1989).

In the instant case, all three factors have been met.  The first factor is whether there is a pending state proceeding that is judicial in nature.  In the instant case, the County has filed an action in the Schuylkill County Pennsylvania Court of Common Pleas to enjoin plaintiff from using its premises as an adult use or adult entertainment facility.  (Doc. 11-2, Def.

---

[2]The County's motion raises several other issues but we only address this issue, as we find it to be dispositive.

Schuylkill County's Ex. 2, State Court Complaint).[3]   That lawsuit is based upon plaintiff's alleged violation of the terms of the Zoning Ordinance at issue in the instant suit.  Accordingly, the first factor is met.

The second factor is whether the proceeding implicates important state interests.  Courts, including the Third Circuit Court of Appeals, have held that zoning matters and the regulation of adult establishments are important state interests.  See Renton v. Playtime Theatres, Inc., 475 U.S. 41, 50 (1986) (recognizing that a municipality has a substantial interest in regulating the location of adult motion picture theaters); Lui v. Commission, Adult Entertainment, 369 F.3d 319, 323 (3d Cir. 2004) (indicating that a state has "valid and important interest in regulating the location and effect on the community of adult entertainment establishments[.]").  Thus, because this case relates to zoning of adult uses, the second factor is met.

The third factor to examine is whether the state proceeding provides adequate opportunity for the plaintiff to raise its constitutional challenges. In the instant case, there is no doubt that the plaintiff could raise its constitutional challenges to the Zoning Ordinance in the state court. Accordingly the third fact is met.

Because all three factors of the Younger abstention doctrine are met,

_____

[3]Defendant Schuylkill County filed the state court action in July of 2011, approximately two months after the plaintiff filed the instant action. Whether the state or federal cause of action was filed first does not matter in our analysis.  We examine, rather, whether any "proceedings of substance" have taken place in the federal case by the time the state court proceeding began.  Hicks v. Miranda, 422 U.S. 332, 349 (1975).  Here, no proceedings of substance occurred before the filing of the state court action.  No action had been taken except the filing of the complaint. Defendant Schuylkill County filed the instant motion to dismiss on the same day as it filed the state court complaint.

the court will abstain from hearing the instant case and grant the County's motion to dismiss.[4]

**Conclusion**

Based upon the foregoing, the defendants' motions to dismiss will be granted.  An appropriate order follows.

---

[4]Plaintiff argues that an exception to the <u>Younger</u> doctrine applies. The exception applies where the ordinance at issue is unconstitutional on its face.  <u>See</u> <u>Kugler v. Helfant</u>, 421 U.S. 117, 125 n.4 (1975) (indicating that an exception exists where a statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it.").  It does not appear, however, from our review of the pleadings that the Zoning Ordinance is unconstitutional on its face.   The ordinance does not provide an explicit ban on adult uses, it merely limits them to certain areas and requires that they obtain a special exception.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DUTCHMEN MX PARK, LLC,** | : | **No. 3:11cv871** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **SCHUYLKILL COUNTY,** | : | |
| **PENNSYLVANIA and** | : | |
| **WASHINGTON TOWNSHIP,** | : | |
| **Defendants** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## <u>ORDER</u>

**AND NOW**, to wit, this 23rd day of September 2011, it is hereby **ORDERED** as follows:

1) Defendant Schuylkill County's motion to dismiss (Doc. 10) is **GRANTED**;

2) Defendant Washington Township's motion to dismiss (Doc. 19) is **GRANTED**;

The Clerk of Court is directed to close this case.

**BY THE COURT:**


**s/ James M. Munley**

**JUDGE JAMES M. MUNLEY**
**United States District Court**